UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RUDOLPH M. BROOKS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.: 3:15-CV-00520 |
| | ) | REEVES/GUYTON |
| JAMES BERRONG, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Now before the Court is a motion to dismiss the response to the petition [Doc. 12] filed by Petitioner and a motion to dismiss for failure to exhaust state remedies [Doc. 11] filed by Respondent. Petitioner has filed a response to Respondent's motion to dismiss [Doc. 16]. For the reasons set forth below, Petitioner's motion to dismiss the response to the petition [Doc. 12] will be **DENIED**, Respondent's motion to dismiss [Doc. 11] will be **GRANTED**, and this action will be **DISMISSED without prejudice**. Accordingly, the remaining pending motion for extension [Doc. 10] filed by Petitioner will be **DENIED as moot**.

In his § 2254 petition, Petitioner seeks habeas corpus relief based upon allegations of failure to prosecute and violation of his right to a speedy trial in his state court conviction [Doc. 1 p. 1]. Petitioner further sets forth allegations of ineffective assistance of counsel, for which he states he has now pursued post-conviction relief [*Id.* at 2]. In his motion to dismiss this habeas corpus petition, Respondent asserts in relevant part that:

(1) on May 5, 2011, Petitioner was arrested on three arrest warrants;

(2) on December 8, 2011, Petitioner filed a motion to dismiss counsel that the Court subsequently granted, at which time Petitioner appeared with retained counsel;

(3) on January 9, 2012, Petitioner was indicted and charged in a five count indictment;

(4) on February 12, 2012, Petitioner filed a pro se motion for speedy trial;

(5) on May 22, 2015, Petitioner entered into a guilty plea as to all charges on the indictment that the Court accepted;

(6) Petitioner did not file an appeal of his case;

(7) the trial court later entered an alternative sentencing order with conditions of supervision;

(8) on September 3, 2015, Petitioner's probation officer filed an affidavit regarding a violation and the trial court therefore issued a warrant and ordered that Petitioner be held without bond;

(9) soon after Petitioner was arrested, he filed a petition for post-conviction relief that he subsequently withdrew;

(10) on February 26, 2016, a new warrant with a "hold without bond" instruction was issued as to Petitioner;

(11) on March 8, 2016, Petitioner filed a motion to reopen his post-conviction petition; and

(12) on April 12, 2016, Petitioner filed an amendment to his post-conviction petition.

[Doc. 11 p. 1–3]. Respondent also asserts that Petitioner's post-conviction petition that is currently pending in state court raises the same issues as Petitioner's § 2254 petition [*Id.* at 3]. Accordingly, Respondent asserts that Petitioner has not exhausted his state remedies and therefore requests dismissal of the § 2254 petition [Doc. 11 p. 3–4]. Petitioner has responded to the motion to dismiss

[Doc. 16]. In this response, Petitioner again[1] asserts that Respondent failed to timely reply to the § 2254 petition, but does not articulate any reason that his § 2254 petition should not be dismissed for failure to exhaust state remedies.

Under Sixth Circuit law, federal courts should abstain from exercising jurisdictions over habeas corpus petitions "if the issues raised in the petition may be resolved . . . by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). Such "[a]bstention . . . is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties." *Id.* As it is apparent that Petitioner has not exhausted the arguments in his habeas corpus petition in the state court and the record does not suggest that any extraordinary circumstances exist,[2] dismissal of this action is appropriate. *Smith v. Coleman*, 521 Fed. App'x 444, 451 (6th Cir. 2013) (affirming dismissal of a habeas claim for failure to exhaust the arguments therein in state court).

---

[1] Prior to filing his response to the motion to dismiss, Petitioner filed a motion to dismiss the response to the § 2254 petition [Doc. 12] and a notice of delinquency [Doc. 14] in which he notified the Court that Respondent had not timely filed a response to the § 2254 petition and therefore sought dismissal of the charges against him. The Court liberally construes these filings as seeking default judgment against Respondent for the untimely response. Default judgment, however, is not available in habeas corpus proceedings. *Allen v. Perrini*, 424 F.2d 134, 138 (6th Cir. 1970) (holding that the burden of establishing custody in violation of the constitution is on the prisoner, that failure of the state to timely file a response does not relieve the prisoner of this burden, and therefore "[d]efault judgments in habeas corpus proceedings are not available as a procedure . . . ."). Accordingly, Petitioner's motion to dismiss the response [Doc. 12] will be **DENIED**.

[2] In his § 2254 petition Petitioner asserts a claim for violation of the speedy trial act. While some courts have found that an exception to the abstention doctrine exists where the petitioner asserts a speedy trial act claim, that exception is limited to circumstances where the petitioner is seeking to have the habeas court order an immediate trial in the trial court. *See Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 143 (S.D. Ohio 2011), and cases cited therein. Accordingly, it would not apply in this case, where Petitioner has already had his trial and has not exhausted his speedy trial claim in the state court.

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This motion is being dismissed because Petitioner has not exhausted his state remedies as to the claims in his § 2254 petition, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue and, should Petitioner file a notice of appeal, leave to appeal *in forma pauperis* will be **DENIED**.

For the reasons set forth above, Petitioner's motion to dismiss the response [Doc. 12] will be **DENIED**, Respondent's motion to dismiss for failure to exhaust state remedies [Doc. 11] will be **GRANTED,** this action will be **DISMISSED without prejudice**, and Petitioner's pending motions for extension [Doc. 10] will therefore be **DENIED as moot**.

**AN APPROPRIATE ORDER WILL ENTER**.

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**